UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KENNARD DESMOND WELLINGTON,

                        Plaintiff,                    3:24-cv-477 (BKS/ML)

v.

BROOME COUNTY DISTRICT
ATTORNEY'S OFFICE, MICHAEL A.
KORCHAK and JOSEPH F. CAWLEY,

                        Defendants.

---

**Appearances:**

*Plaintiff pro se*
Kennard Desmond Wellington
23-B-0539
Cayuga Correctional Facility
PO Box 1150
Moravia, NY 13118

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Kennard Desmond Wellington, proceeding *pro se*, brings this action against Defendants Broome County District Attorney's Office, Michael A. Korchak, and Joseph F. Crawley. (Dkt. No. 1). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"), (Dkt. Nos. 3, 7), and several additional submissions, including a document labeled "motion to dismiss for failure to supply supporting depositions," (Dkt. Nos. 8, 9, 10, 11, 12, 13, 14). This matter was referred to United States Magistrate Judge Miroslav Lovric who, on July 25, 2024, granted Plaintiff's application to proceed IFP, and issued a Report-Recommendation, recommending that Plaintiff's complaint be dismissed without prejudice but without leave to amend and

recommending dismissal of Plaintiff's additional motion. (Dkt. No. 15). Plaintiff was informed that he had fourteen days within which to file written objections to the Report-Recommendation under 28 U.S.C. § 636(b)(1), and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 12). Plaintiff filed timely objections on July 31, 2024, and August 7, 2024. (Dkt. No. 17, 18). For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings in the" report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Machicote v. Ercole*, No. 6-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Kruger*, 976 F. Supp. 2d at 296 (citation omitted).

## III. DISCUSSION

Magistrate Judge Lovric noted that the complaint, which "is rambling, nonsensical and replete with legal jargon," "appears to assert" twenty-eight causes of action arising from Plaintiff's "interactions with Defendants during [Plaintiff's] New York State criminal

2

prosecution." (Dkt. No. 15, at 2). Magistrate Judge Lovric recommended dismissal of Plaintiff's complaint "because it is not acceptable under Rules 8 and 10 of the Fed. R. Civ. P. and because Plaintiff's claim or claims against Defendants are entirely unclear." (*Id.* at 7). Alternatively, Magistrate Judge Lovric recommended dismissal because the complaint "appears to allege that Defendant Korchak is the Broome County District Attorney and Defendant Cawley is a Broome County Supreme Court Judge" and the Defendants are immune from suit under the doctrines of prosecutorial immunity, judicial immunity and the Eleventh Amendment. (*Id.* at 2, 11; *see also id.* at 7 n.5).

Plaintiff has timely[1] submitted two sets of objections. (Dkt. No. 17, 18). Plaintiff's first set of objections do not specifically address any findings in Magistrate Judge Lovric's Report-Recommendation and thus the Court does not address them further. Plaintiff's second set of objections appears to object to the Report-Recommendation on the basis that "[g]overment/public servants/officers/judges" are "not immune from suit." (Dkt. No. 18, at 1). The Court first notes that Magistrate Judge Lovric's discussion of immunity relates to his alternative holding, and that the complaint would still fail to survive for the other reasons articulated in the Report-Recommendation. However, the Court has reviewed the issue of immunity *de novo* and finds that Plaintiff's claims against Defendants, which all appear to arise from the prosecution of Plaintiff, are barred for the reasons Magistrate Judge Lovric has stated. (*See* Dkt. No. 15, at 7 n. 5). While a prosecutor or judge is not entitled to absolute immunity for acts taken "in the clear absence of all jurisdiction," *see Shmueli v. City of N.Y.*, 424 F.3d 231,

---

[1] Plaintiff additionally submitted an untimely objection on August 16, 2024, (Dkt. No. 19), and other filings on September 5, 2024, October 17, 2024, and October 21, 2024. (Dkt. Nos. 20, 21, 22). The Court has not considered Plaintiff's untimely objection, but notes that even if the Court did consider that submission it would not change the result here because Plaintiff failed to specify any objection to the Report-Recommendation. (*See generally* Dkt. No. 19).

3

237 (2d Cir. 2005) (quoting *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987)); *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)), Plaintiff does not raise any facts to suggest such actions occurred here. (*See generally* Dkt. No. 1). To the extent Plaintiff objects to the Report-Recommendation on any other basis, the Court finds that the objections are not specific.

The Court also agrees with Magistrate Judge Lovric's assessment that leave to amend should be denied because "any amendments to Plaintiff's Complaint are not likely to be productive." (Dkt. No. 15, at 10). "[I]f the problems with a complaint are 'substantive' . . . an opportunity to re-plead would be 'futile' and 'should be denied.'" *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, there is nothing in the complaint or in Plaintiff's objections which gives any indication that Plaintiff may have a valid claim. Courts in this district have similarly dismissed claims without prejudice but without leave to amend where circumstances warrant. *See, e.g.*, *Hamza v. Sollenberger*, No. 23-cv-355, 2023 WL 8108606, at *2, 2023 U.S. Dist. LEXIS 208808, at *3–4 (N.D.N.Y. Nov. 21, 2023) (slip copy) (affirming Magistrate Judge's assessment that "although leave to amend would ordinarily be appropriate, there are no claims which [the] [p[laintiff could assert that would create federal jurisdiction") ; *Griffith v. N.Y. State Att'y Gen.*, No. 23-cv-1266, 2024 WL 1639856, at *1, 2024 U.S. Dist. LEXIS 68690, at *1 (N.D.N.Y. Apr. 16, 2024) (slip copy) (characterizing the plaintiff's complaint as "frivolous").

Having otherwise reviewed the parts of the Report-Recommendation to which no objections were filed for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation, (Dkt. No. 15), is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's complaint, (Dkt. No. 1), is **DISMISSED without prejudice and without leave to amend**; and it is further

**ORDERED** that Plaintiff's motion to dismiss for "failure to supply supporting depositions," (Dkt. No. 13), is **DENIED as moot**; and it is further

**ORDERED** that the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 7, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

5